UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOURCE ONE FINANCIAL CORPORATION,<br>        Plaintiff,<br>v.<br><br>THE CITY OF REVERE<br>ACTION EMERGENCY MANAGEMENT SERVICES, INC.<br>DIEGO DEOLIVEIRA,<br>        Defendants | CIVIL ACTION NO:<br><br>**COMPLAINT** |

Plaintiff, Source One Financial Corporation alleges as follows:

1. Plaintiff brings this action to remedy a deprivation of its and fundamental rights to be free from unreasonable seizures and to due process of law under the United States Constitution. The Statute reference herein is a facially unconstitutional Massachusetts State statute, which does not recognize that a duly perfected security interest and lien in a vehicle is a constitutionally protected property right. The Defendant, City of Revere and its instrumentality seized, detained without warrant or exception to the warrant requirement and disposed of a motor vehicle in which Plaintiff held a duly perfected security interest and a lien without notice or a hearing, thereby extinguishing Plaintiff's lien and property interest. Plaintiff, therefore, brings this declaratory judgment/civil rights action pursuant to 42 U.S.C. §1983 and §1988 for deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 28 U.S.C. §§1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in the Court for all suits brought pursuant to 42 U.S.C. § 1983.

3. Jurisdiction is conferred on this Court by 28 U.S.C. §1331 because the cause of action rises under the Constitution and laws of the United States.

4. The supplemental jurisdiction of the District Court is invoked pursuant to 28 U.S.C. §1367 for inter-related state law claims which arise from the occurrences giving rise to the Federal

claims and which have a common nucleus of operative fact.

5. Venue lies in the Court pursuant to 28 U.S.C. §1391.

## PARTIES

6. Plaintiff, Source One Financial Corporation ("SOURCE ONE") is a corporation organized and existing by virtue of laws of the Commonwealth of Massachusetts and the holder of the duly perfected and recorded lien and security interest in a 2013 Hyundai Sonata vehicle identification number 5NPEC4AC8DH563335 ("The Subject Vehicle").

7. SOURCE ONE's regular business includes providing financing for the purchase of preowned vehicles.

8. Defendant, the City of Revere, Massachusetts (hereinafter "REVERE") is a municipal corporation organized and existing under the laws of the Commonwealth of Massachusetts.

9. Defendant, Action Emergency Management Services, Inc.(hereinafter "Action Management") has a principal place of business at 1087 Broadway, Revere, Massachusetts.

10. Defendant, Diego Deoliveira is an individual who resides at 912 Broadway, Apartment 3, Revere, Massachusetts.

## INTRODUCTION

11. REVERE summarily deprived SOURCE ONE of its rights in the Vehicle without notice or due process when REVERE seized the Vehicle pursuant to its police powers, detained it without notice to SOURCE ONE and without a warrant or exception to the warrant requirement and then disposed of it pursuant to Massachusetts G.L.c. 255, §39A without notice to SOURCE ONE and without affording SOURCE ONE the opportunity for a hearing with respect for the legitimacy of these actions, either before or after their occurrence.

12. Massachusetts G.L.c. 255, §39A effectuates the Commonwealth's interest in enforcing traffic laws and in protecting the public from hazardous street conditions. The statute provides a means for the state to compensate private parties who assist the state by towing and storing vehicles at the direction of police.

13. Massachusetts G.L.c. 255, §39A is unconstitutional in that it fails to provide any, proper and/or

adequate due process, notice and/or hearing for a duly perfected security interest and lien in a vehicle.

14. A duly perfected security interest in a vehicle has been recognized as a constitutionally protected property right.

15. Massachusetts G.L.c. 255, §39A is facially unconstitutional because it fails to require that the holder of a duly perfected security interest and lien in a vehicle is entitled to notice and an opportunity to protect its rights, and the statute therefore authorizes a seizure and detention without a warrant or exception to the warrant requirement, as well as the sale and concomitant destruction of the property interests of the secured party holding a recorded lien against the affected vehicle (by extinguishment of the lien) without any notice to such lienholder or any opportunity to be heard.

11. The summary deprivation of SOURCE ONE's interest occurred in furtherance of REVERE's practices for taking custody of vehicles as part of an arrest or investigation and subsequently, as part of REVERE'S practice for detaining and disposing of vehicles.

12. REVERE violated SOURCE ONE's rights to Procedural and Substantive Due Process because REVERE has no procedure whereby a person with a security interest or lien in a seized vehicle is afforded the opportunity for a hearing before an impartial decision-maker with adequate notice, where the interested lienholder can protect its interest by challenging the seizure, detention or disposal of the impacted vehicle.

13. REVERE violated SOURCE ONE's rights to be free from unreasonable seizures and to Procedural Due Process when it failed to give SOURCE ONE any notice of the initial seizure and then detained and disposed of the Vehicle after it was no longer needed for investigation, and by failing to provide SOURCE ONE with constitutionally adequate notice of procedures for the recovery of the Vehicle or protection of property interests in the Vehicle.

## FACTS COMMON TO ALL COUNTS

14. On or about April 3, 2018 Source One financed the Vehicle for the Defendant

15. On or about April 3, 2018, SOURCE ONE obtained a purchase money security interest and lien in the Vehicle.

16. At all times relevant hereto, Source One held a first priority Lienholder interest in the Vehicle.

17. On or around May 21, 2019 the City REVERE took possession and custody of the Vehicle

pursuant to REVERE's police officers acting in the course of their duties as law enforcement officers.

18. On or around May 21, 2019, REVERE, through its police officers acting in the cause of their duties as law enforcement officers, and pursuant to laws enacted to further official state interests, directed Paul's Towing to tow and detain the Vehicle.

19. On or about March, 2021, Paul's Towing towed the Vehicle to the Defendant, Action Management.

20. REVERE did not notify SOURCE ONE that the Vehicle had been seized nor did the Defendant, Action Management.

21. REVERE authorized its agent, Paul's Towing to detain and dispose of the vehicle pursuant to Massachusetts G.L.c. 255, §39A.

22. REVERE did not notify SOURCE ONE that it authorized Paul's Towing to detain and dispose of The Subject Vehicle.

23. REVERE did not ensure that its agent, Mario's Towing Service Center, Inc., notify SOURCE ONE that REVERE had authorized detention and disposal of the Subject Vehicle.

24. REVERE acted in concert with the Defendant, Action Management to sell the Vehicle.

25. On or about June, 2019, REVERE's agent, the Defendant, Action Management, sold the Vehicle to itself, Defendant, Action Management, in a patently fraudulent transaction.

20. As a result of the sale by the Defendant, Action Management, the Vehicle was retitled through the Massachusetts Department of Transportation with SOURCE ONE's lien not recorded on said title.

21. Under Massachusetts law the sale pursuant to Massachusetts G.L.c 255, §39A and subsequent retitling extinguished SOURCE ONE's property interest in the Vehicle.

22. At no time prior to the sale or retitling of the Vehicle did REVERE or any person provide any notice to SOURCE ONE relating to the Vehicle.

23. REVERE's use of Paul's Towing and the Defendant, Action Management to accomplish its law enforcement objective of towing and storing the Vehicle was consistent with and/or part of REVERE's regular practice for taking custody of a vehicle following an arrest of the driver thereof.

24. REVERE's authorization of Paul's Towing and the Defendant, Action Management to detain and dispose of the Vehicle was consistent with and/or part of REVERE's regular practice for detaining and disposing of a vehicle following the seizure thereof pursuant to its police powers.

25. REVERE has no procedure for providing notice at any time to the holder of a security interest or lien in a vehicle that a subject vehicle has been seized.

26. REVERE has no procedure for affording the holder of a security interest or lien in a vehicle the opportunity to be heard either before or after the time when REVERE authorizes seizure, detention and disposal of a vehicle which was taken into custody by REVERE for investigation.

## COUNT I
### Violation of Civil Rights Pursuant to title 42 U.S.C. §1983
### (Deprivation of Property by Unreasonable Seizure and Without Due Process of Law)
### (SOURCE ONE V. REVERE)

27. SOURCE ONE realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

28. Prior to REVERE's involvement with the Vehicle SOURCE ONE held the duly recorded lien and perfected security interest in The Subject Vehicle.

29. SOURCE ONE had the right to have its lien remain recorded on the vehicle title and the immediate right to take possession of The Subject Vehicle pursuant to the terms of SOURCE ONE's security interest.

30. REVERE acted under color of state law to deprive SOURCE ONE of valuable property interests in the Vehicle in the following ways:

   a. REVERE did not at any time notify SOURCE ONE that REVERE had seized, detained or intended to dispose of The Subject Vehicle; and

   b. REVERE imposed *de facto* a lien on the Vehicle for towing and storage fees;

   c. REVERE detained and disposed of the Vehicle after it was no longer needed for investigation without providing any notice of procedures whereby SOURCE ONE could protect its lien interest from loss and/or protect the value of its property interest in The Subject Vehicle from loss;

   d. REVERE authorized sale of the Vehicle through a shady sales process that caused the seller and the Defendant, Action Emergency to become the owner without having provided SOURCE ONE with any notice of such sale which sale extinguished SOURCE ONE's property interest in the Vehicle; and

    e.  REVERE retained the sales proceeds for its own benefit.

31.    REVERE's conduct in causing such deprivations violated SOURCE ONE's right to Due Process under the Fourteenth Amendment of the United States Constitution because:

    a.  REVERE has no procedure whereby SOURCE ONE (or any person with a security interest in a seized vehicle) could have been afforded the opportunity for a hearing before an impartial decision-maker, with adequate notice, whereat SOURCE ONE or any other lienholder could protect its interest by challenging the deprivation of property or by recovering the impacted vehicle;

    b.  REVERE has no procedure for notifying SOURCE ONE (or any person with a security interest in a seized vehicle) of methods which could be utilized to recover the impacted vehicle or protects its lien therein from loss; and

    c.  REVERE's detention and authorization for sale and concomitant extinguishment of SOURCE ONE's lien in The Subject Vehicle without any notice to SOURCE ONE was without any reasonably acceptable justification.

32.    REVERE's conduct in seizing the Vehicle without providing any post-seizure notice to SOURCE ONE of the initial seizure and in detaining and in authorizing sale of the Vehicle after it was no longer needed for investigation without any notice to SOURCE ONE, violated SOURCE ONE's right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution because seizure without any post-seizure notice is unreasonable and once the Vehicle was no longer needed for investigation REVERE had no warrant allowing detention and disposal of The Subject Vehicle, and no exception to the prohibition against warrantless seizures applied.

33.    REVERE knew or should have known that it was unlawful and unconstitutional to deny possession, seizure and detention without warrant or exception to the warrant requirement, and assert a lien for towing and storage fees, sell the vehicle, extinguish SOURCE ONE's lien and keep the proceeds, where notice and a hearing upon the validity of such deprivations had not been afforded to SOURCE ONE, a person with duly perfected and recorded property interests in The Subject Vehicle.

34.    As a direct and proximate result of REVERE's violation of SOURCE ONE's rights under the Fourth and Fourteenth Amendments to the United States Constitution SOURCE ONE has suffered general and special monetary damages based upon the lost value of the Vehicle, the income stream due to SOURCE ONE relative thereto and the sales proceeds and is entitled to relief under 42 U.S.C. §1983 and 42 U.S.C. 1988.

35.     The conduct of REVERE in not seeking to have a prompt impartial review of its seizure, detention, lien creation, sale, extinguishment of SOURCE ONE's lien and conversion of proceeds of such sale was consistent with and part of the standard procedure and policy utilized by REVERE for vehicles seized held in investigation, and then disposed of once the investigation is concluded.

36.     The conduct of REVERE in not notifying SOURCE ONE of REVERE's actions relativeto The Subject Vehicle is consistent with and part of the standard procedure and policy utilized by REVERE for vehicles seized, held in investigation and then disposed of once the investigation is concluded.

37.     REVERE does not maintain any procedural mechanism for providing a notice of seizure to lienholders after a vehicle is seized.

38.     REVERE does not maintain any procedural mechanism for providing hearings to patties holding security interests or liens in such seized vehicles.

39.     The failure by official REVERE policy makers to properly train or supervise subordinates regarding the constitutional requirements due in conjunction with the seizure, detention and assertion of charges and liens against vehicles, and sales thereof, and extinguishment of liens therein is contrary to well-settled constitutional law and REVERE policy makers' failure to train or supervise subordinates in the face of this law amounts to deliberate indifference to the rights of persons who have security interests or liens in vehicles that are seized, detained, subjected to charges and liened by and sold under the authority of REVERE.

40.     But for REVERE's deprivational policy, decisions, practices and failures above described, SOURCE ONE would have had the right to recover and would have recovered the Vehicle without delay or with minimal delay by reason of measures that preserve legitimate interests but are less intrusive than continued detention or disposal of the vehicle, and extinguishment of SOURCE ONE's lien, without incurring liability for or loss due to towing and storagecharges impressed *ex parte,* and without incurring liability for or loss due to further storage charges continually accruing daily, and without loss by extinguishment of its lien in the Vehicle.

## COUNT II
### Violation of Massachusetts Constitution Article 10
### (Deprivation of Property Without Due Process of Law) and Violation of Massachusetts Constitution, Article 14 (Prohibition Against Unreasonable Seizures)
### (SOURCE ONE V. REVERE)

41. SOURCE ONE realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

42. Prior to REVERE's involvement with the Vehicle SOURCE ONE held the duly recorded lien and perfected security interest in The Subject Vehicle.

43. SOURCE ONE had the right to have its lien remain recorded on the vehicle title and the immediate right to take possession of The Subject Vehicle pursuant to the terms of SOURCE ONE's security interest.

44. REVERE acted under color of state law to deprive SOURCE ONE of valuable property interests in the Vehicle in the following ways:

   a. REVERE did not at any time notify SOURCE ONE that REVERE had seized, detained or intended to dispose of The Subject Vehicle; and

   b. REVERE imposed *de facto* a lien on the Vehicle for towing and storage fees;

   c. REVERE detained and disposed of the Vehicle after it was no longer needed for investigation without providing any notice of procedures whereby SOURCE ONE could protect its lien interest from loss and/or protect the value of its property interest in The Subject Vehicle from loss;

   d. REVERE authorized sale of the Vehicle through a shady sales process that caused the seller and the Defendant, Action Emergency to become the owner without having provided SOURCE ONE with any notice of such sale which sale extinguished SOURCE ONE's property interest in the Vehicle; and

   e. REVERE retained the sales proceeds for its own benefit.

45. REVERE's conduct in causing such deprivations violated SOURCE ONE's right to Due Process under the Fourteenth Amendment of the United States Constitution because:

   a. REVERE has no procedure whereby SOURCE ONE (or any person with a security interest in a seized vehicle) could have been afforded the opportunity for a hearing before

an impartial decision-maker, with adequate notice, whereat SOURCE ONE or any other lienholder could protect its interest by challenging the deprivation of property or by recovering the impacted vehicle;

b. REVERE has no procedure for notifying SOURCE ONE (or any person with a security interest in a seized vehicle) of methods which could be utilized to recover the impacted vehicle or protects its lien therein from loss; and

c. REVERE's detention and authorization for sale and concomitant extinguishment of SOURCE ONE's lien in The Subject Vehicle without any notice to SOURCE ONE was without any reasonably acceptable justification.

46. REVERE's conduct in seizing the Vehicle without providing any post-seizure notice to SOURCE ONE of the initial seizure and in detaining and in authorizing sale of the Vehicle after it was no longer needed for investigation without any notice to SOURCE ONE, violated SOURCE ONE's right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution because seizure without any post-seizure notice is unreasonable and once the Vehicle was no longer needed for investigation REVERE had no warrant allowing detention and disposal of The Subject Vehicle, and no exception to the prohibition against warrantless seizures applied.

47. REVERE knew or should have known that it was unlawful and unconstitutional to deny possession, seizure and detention without warrant or exception to the warrant requirement, and assert a lien for towing and storage fees, sell the vehicle, extinguish SOURCE ONE's lien and keep the proceeds, where notice and a hearing upon the validity of such deprivations had not been afforded to SOURCE ONE, a person with duly perfected and recorded property interests in The Subject Vehicle.

48. As a direct and proximate result of REVERE's violation of SOURCE ONE's rights under the Fourth and Fourteenth Amendments to the United States Constitution SOURCE ONE has suffered general and special monetary damages based upon the lost value of the Vehicle, the income stream due to SOURCE ONE relative thereto and the sales proceeds and is entitled to relief under 42 U.S.C. §1983 and 42 U.S.C. 1988.

49. The conduct of REVERE in not seeking to have a prompt impartial review of its seizure, detention, lien creation, sale, extinguishment of SOURCE ONE's lien and conversion of proceeds of such sale was

consistent with and part of the standard procedure and policy utilized by REVERE for vehicles seized held in investigation, and then disposed of once the investigation is concluded.

50. The conduct of REVERE in not notifying SOURCE ONE of REVERE's actions relative to The Subject Vehicle is consistent with and part of the standard procedure and policy utilized by REVERE for vehicles seized, held in investigation and then disposed of once the investigation is concluded.

51. REVERE does not maintain any procedural mechanism for providing a notice of seizure to lienholders after a vehicle is seized.

52. REVERE does not maintain any procedural mechanism for providing hearings to patties holding security interests or liens in such seized vehicles.

53. The failure by official REVERE policy makers to properly train or supervise subordinates regarding the constitutional requirements due in conjunction with the seizure, detention and assertion of charges and liens against vehicles, and sales thereof, and extinguishment of liens therein is contrary to well-settled constitutional law and REVERE policy makers' failure to train or supervise subordinates in the face of this law amounts to deliberate indifference to the rights of persons who have security interests or liens in vehicles that are seized, detained, subjected to charges and liened by and sold under the authority of REVERE.

54. But for REVERE's deprivational policy, decisions, practices and failures above described, SOURCE ONE would have had the right to recover and would have recovered the Vehicle without delay or with minimal delay by reason of measures that preserve legitimate interests but are less intrusive than continued detention or disposal of the vehicle, and extinguishment of SOURCE ONE's lien, without incurring liability for or loss due to towing and storage charges impressed *ex parte,* and without incurring liability for or loss due to further storage charges continually accruing daily, and without loss by extinguishment of its lien in the Vehicle.

55. REVERE's violations of the Fourteenth Amendment to the U.S. Constitution as aforesaid

constitute violations under Massachusetts Constitution, Article 10.

56. REVERE's violations of the Fourth Amendment to the U.S. Constitution aforesaid constitute violations under Massachusetts Constitution, Article 14.

## COUNT III
### Declaratory Relief
### SOURCE ONE V. REVERE

57. SOURCE ONE realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

58. An actual controversy has arisen and now exists between SOURCE ONE and REVERE warranting declaratory relief pursuant to 28 U.S.C. 2201.

59. SOURCE ONE seeks a declaration that REVERE's conduct as detailed herein violated SOURCE ONE's rights to be free from unreasonable seizures and Due Process under the Constitutions of the United States and Massachusetts.

60. SOURCE ONE seeks a declaration that REVERE is liable to SOURCE ONE pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988 for all damages and attorney's fees suffered and incurred by SOURCE ONE.

61. SOURCE ONE seeks a declaration that Massachusetts G.L.c. 255, §39A is unconstitutional in that it authorizes an unreasonable seizure without warrant or exception to the warrant requirement and deprivation of the property rights of a party holding a security interest and lien in a vehicle without any notice to the secured party/lienholder and without any hearing before a neutral decision maker.

62. The towing, seizure and detention and sale of motor vehicles, and extinguishment of liens therein when carried out in accordance with Section 39A's provisions, deprives affected vehicle owners and lienholders of property in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Articles 10 and 14 of the Massachusetts Constitution.

63. Section 39A allows an unreasonable warrantless seizure and does not grant an affected owner or lienholder the right to a hearing with respect to the legitimacy of these acts, either before or after their occurrence. Nor does any other provision of Massachusetts law. SOURCE ONE seeks a declaration that Section 39A is so grossly and flagrantly unconstitutional, in that it fails to recognize that a duly perfected security interest and lien in a vehicle is a constitutionally protectedproperty right, that any person of reasonable prudence would be bound to see this flaw.

64. SOURCE ONE seeks a declaration that REVERE's conduct constituting the deprivations described herein was null and void ab initio.

## COUNT IV
### Conversion Under Massachusetts Common Law
### SOURCE ONE V. REVERE AND ACTION MANAGMENT

65. SOURCE ONE realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

66. REVERE exercised unlawful dominion and control over the Vehicle to the exclusion of SOURCE ONE's rights when it authorized and participated in the creation of a lien for towing and storage fees for The Subject Vehicle which supposedly took priority over SOURCE ONE's lien without notice to SOURCE ONE.

67. The Defendant, Action Management exercised unlawful dominion and control over the Vehicle to the exclusion of SOURCE ONE when it failed to give notice of its lien to SOURCE ONE and sold the Vehicle to itself and/or a sister company without giving proper notice to SOURCE ONE.

68. REVERE exercised unlawful dominion and control over the Vehicle to the exclusion of SOURCE ONE's rights when REVERE seized and detained the Vehicle after REVERE's investigation ended without notice to SOURCE ONE.

69. REVERE and the Defendant, Action Management exercised unlawful dominion and control over The Subject Vehicle when it authorized its agent, the Defendant, Action Management, to dispose of the

Vehicle under Massachusetts G.L.c. 255 §39A without notice to SOURCE ONE.

70. REVERE and/or the Defendant, Action Management exercised unlawful dominion and control over the sale proceeds derived from sale of the Vehicle when REVERE and/or its instrumentality, the Defendant, Action Management retained said proceeds and failed to remit said funds to SOURCE ONE.

71. REVERE and the Defendant, Action Management's acts of conversion as indicated caused SOURCE ONE actual damages, as well as attorney's fees.

**COUNTY**
**M.G.L. c. 93A**
**SOURCE ONE V. REVERE**

72. SOURCE ONE realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

73. REVERE exercised unlawful dominion and control over the Vehicle to the exclusion of SOURCE ONE's rights when it authorized and participated in the creation of a lien for towing and storage fees for The Subject Vehicle which supposedly took priority over SOURCE ONE's lien without notice to SOURCE ONE.

74. REVERE and The Defendant, Action Management exercised unlawful dominion and control over the Vehicle to the exclusion of SOURCE ONE when it failed to give notice of its lien to SOURCE ONE and sold the Vehicle to itself and/or a sister company without giving proper notice to SOURCE ONE

75. REVERE exercised unlawful dominion and control over the Vehicle to the exclusion of SOURCE ONE's rights when REVERE seized and detained the Vehicle after REVERE's investigation ended without notice to SOURCE ONE.

76. REVERE engaged in trade or commerce, as trade or commerce is defined under M.G.L. c. 93A when its official detention and use of the Vehicle for legitimate police purposes ended.

77. REVERE and the Defendant, Action Management exercised unlawful dominion and control over The Subject Vehicle when it authorized its agent, the Defendant, Action Management, to dispose of the Vehicle under Massachusetts G.L.c. 255 §39A without notice to SOURCE ONE.

78. REVERE and/or the Defendant, Action Management exercised unlawful dominion and control over the sale proceeds derived from sale of the Vehicle when REVERE and/or its instrumentality, the Defendant, Action Management retained said proceeds and failed to remit said funds to SOURCE ONE.

79. REVERE and the Defendant, Action Management's acts of conversion as indicated caused SOURCE ONE actual damages, as well as attorney's fees.

80. REVERE's conduct in acting in trade or commerce when it allowed its instrumentality to dispose of the Vehicle without giving proper notice to SOURCE ONE.

81. REVERE's conduct was unfair and deceptive in violation of M.G.L. c. 93A.

82. REVERE's conduct was knowingly unfair and deceptive in violation of M.G.L. c. 93A.

### COUNT VI
### M.G.L. c. 93A
### SOURCE ONE V. Action Management

83. SOURCE ONE realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

84. REVERE exercised unlawful dominion and control over the Vehicle to the exclusion of SOURCE ONE's rights when it authorized and participated in the creation of a lien for towing and storage fees for The Subject Vehicle which supposedly took priority over SOURCE ONE's lien without notice to SOURCE ONE.

85. REVERE and The Defendant, Action Management exercised unlawful dominion and control over the Vehicle to the exclusion of SOURCE ONE when it failed to give notice of its lien to SOURCE ONE and sold the Vehicle to itself and/or a sister company without giving proper notice to SOURCE ONE

86. The Defendant, Action Management exercised unlawful dominion and control over the Vehicle to the exclusion of SOURCE ONE's rights when REVERE seized and detained the Vehicle after REVERE's investigation and turned it over to Defendant, Action Management without notice to SOURCE ONE.

87. The Defendant, Action Management at all times relevant hereto was engaged in trade or commerce, as trade or commerce is defined under M.G.L. c. 93A.

88. The Defendant, Action Management exercised unlawful dominion and control over the Vehicle and unlawfully disposed of the Vehicle without notice to SOURCE ONE.

89. The Defendant, Action Management acted improperly, fraudulently and/or unfairly and deceptively when it purchased the Vehicle itself and/or a related company purchased the Vehicle.

90. The Defendant, Action Management exercised unlawful dominion and control over the sale proceeds derived from sale of the Vehicle when they retained said proceeds and failed to remit said funds to SOURCE ONE.

91. The Defendant, Action Management caused the Vehicle to be titled in its own name after stripping off the secured lien of SOURCE ONE.

92. The Defendant, Action Management's acts of conversion as indicated caused SOURCE ONE actual damages, as well as attorney's fees.

93. The Defendant, Action Management's conduct in acting in trade or commerce when it allowed its instrumentality to dispose of the Vehicle without giving proper notice to SOURCE ONE, stripping SOURCE ONE of its interest in the Vehicle and enduing up with the Vehicle itself and/or a related entity.

94. The Defendant, Action Management's conduct was unfair and deceptive in violation of M.G.L. c. 93A.

95. The Defendant, Action Management's conduct was knowingly unfair and deceptive in violation of M.G.L. c. 93A.

**Count VII**
**(Breach of Contract)**
**SOURCE ONE v. DeOliveira**

96. The Plaintiff incorporates all preceding paragraphs as if specifically set forth herein.

97. The Defendant, DeOliveira purchased the Vehicle on April 3, 2018.

98. The Plaintiff financed $14,882 for the purchase of the Vehicle.

99. The Plaintiff properly perfected its secured interest in the Vehicle.

100. The Vehicle was detained by the REVERE and sold by Defendant, Action Management.

101. The Defendant, DeOliveira failed to pay the balance due on the finance contract.

102. The Plaintiff, Source One made demand on the Defendant, DeOliveira after default under the financing contract but the Defendant, DeOliveira has failed and refused to pay the balance due on the deficiency.

103. According to the books and records of the Plaintiff, the Defendant, DeOliveira owes $1,421.43 and have owed such amount since at least March 31, 2021.

104. After demands, the Defendant, DeOliveira has failed to pay under the retail installment sales contract.

### Count VIII
### (Quantum Meruit)
### SOURCE ONE v. DeOliveira

105. The Plaintiff incorporates all preceding paragraphs as if specifically set forth herein.

106. The Plaintiff incorporates all preceding paragraphs as if specifically set forth herein.

107. The Defendant, DeOliveira purchased the Vehicle on April 3, 2018.

108. The Plaintiff financed $14,882 for the purchase of the Vehicle.

109. The Plaintiff properly perfected its secured interest in the Vehicle.

110. The Vehicle was detained by the REVERE and sold by Defendant, Action Management.

111. The Defendant, DeOliveira failed to pay the balance due on the finance contract.

112. The Plaintiff, Source One made demand on the Defendant, DeOliveira after default under the financing contract but the Defendant, DeOliveira has failed and refused to pay the balance due on the deficiency.

113. According to the books and records of the Plaintiff, the Defendant, DeOliveira owes $1,421.43 and have owed such amount since at least March 31, 2021.

114. After demands, the Defendant, DeOliveira has failed to pay under the retail installment sales contract.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS SO TRIABLE**

## PRAYERS FOR RELIEF

**WHEREFORE,** SOURCE ONE requests that this Court:

a. Grant judgment in favor of SOURCE ONE and against REVERE on all claims asserted against REVERE herein;

b. Grant Judgment in favor of SOURCE ONE against Action Management on all claims against Action Management;

c. Grant Judgment in favor of SOURCE ONE against DeOliveira;

d. Declare that REVERE violated SOURCE ONE's rights to be free from unreasonable searches and Due Process under the United States and Massachusetts Constitutions;

e. Declare that Massachusetts G.L.c. 255, §39A is unconstitutional in that it fails to recognize that a duly pelfect and recorded security interest and lien ina vehicle is a constitutionally protected property right in violation of the Fourth and Fourteenth Amendments to the United State Constitution;

f. Award SOURCE ONE damages and/or nominal damages and actual damages;

g. Award SOURCE ONE the cost of prosecuting this action together with attorney's fees pursuant to 42 U.S.C. §1988; and

h. Declare a permanent injunction against REVERE prohibiting the above described unconstitutional practices;

i. Award attorney fees;

j. Award multiple damages;

k. Award such other and different relief that the Court, in the exercise of its discretion, deems just and proper.

The Plaintiff,
**SOURCE ONE FINANCIAL CORPORATION,**

By its attorney,

__/s/ Carlo Cellai, Esq.__
Carlo Cellai, Esq., BBO No. 558651
**CELLAI LAW OFFICES, P.C.**
150 Grossman Drive, Suite 201
Braintree, Massachusetts 02184
(617) 367-2199
carlo@cellailaw.com